1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**
9                        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   TAEK YOON,                              | Civil No.    12cv0219 DMS (BLM)
12   ICE #A-042-589-267,                     |
                                             | **ORDER:**
13                              Plaintiff,   |
                                             | **(1)  GRANTING MOTION TO**
14                                           | **PROCEED** *IN FORMA PAUPERIS*
         vs.                                 | **(ECF No. 2);**
15                                           |
                                             | **(2) DENYING MOTION FOR**
16   JOHN DOE, CRC Physician, et al.,        | **APPOINTMENT OF COUNSEL**
                                             | **(ECF No. 3); AND**
17                                           |
                                             | **(3)  DISMISSING CIVIL ACTION AS**
18                             Defendants.   | **FRIVOLOUS  PURSUANT TO**
                                             | **28 U.S.C.§ 1915(e)(2)(B)(1)**
19

20

21         Taek Sang Yoon ("Plaintiff"), a former state prisoner, now detained at the U.S.
22   Department of Homeland Security's Immigration and Customs Enforcement Processing Center
23   in El Centro, California, has filed a civil action pursuant to 42 U.S.C. § 1983.
24         Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,
25   he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)
26   (ECF No. 2), as well as a Motion for Appointment of Counsel (ECF No. 3).
27   / / /
28   / / /

                                            1

1    **I.        Motion to Proceed IFP**

2            All parties instituting any civil action, suit or proceeding in a district court of the United

3    States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

4    U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

5    only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

6    *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, "[u]nlike other indigent

7    litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and

8    appeals pursuant to the PLRA [Prison Litigation Reform Act]."  *Agyeman v. INS*, 296 F.3d 871,

9    886 (9th Cir. 2002).  As defined by the PLRA, a "prisoner" is "any person incarcerated or

10   detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent

11   for, violations of criminal law or the terms and conditions of parole, probation, pretrial release,

12   or diversionary program."  28 U.S.C. § 1915(h).  A "civil detainee" on the other hand, is not a

13   "prisoner" within the meaning of the PLRA.  *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir

14   2005); *Agyeman*, 296 F.3d at 886 (holding that INS detainee not also facing criminal charges is

15   not a "prisoner" under § 1915); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000)

16   (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within

17   the meaning of the PLRA when he served time for his conviction, ... ceased being a 'prisoner'

18   when he was released from the custody of the Department of Corrections.")

19           Thus, because Plaintiff was not a "prisoner" as defined by 28 U.S.C. § 1915(h) when he

20   filed this action, neither the filing fee provisions of 28 U.S.C. § 1915(b), nor the "3-strikes" bar

21   in 28 U.S.C. § 1915(g) apply to this case.[1]  *Andrews*, 398 F.3d at 1122.

22   _____

23           [1]  Indeed, while he *was* a "prisoner" as defined by 28 U.S.C. § 1915(h), Plaintiff had three prior
     civil actions dismissed as frivolous, malicious, or for failing to state a claim in this district alone, and
24   would be precluded from proceeding IFP pursuant to 28 U.S.C. § 1915(g) if he were still a prisoner as
     defined by 28 U.S.C. § 1915(h).  *Andrews*, 398 F.3d at 1116 n.1 ("Pursuant to § 1915(g), a prisoner with
25   three strikes," *i.e.*, prior federal cases or appeals, brought while incarcerated and dismissed on grounds
     of frivolousness, maliciousness or for failure to state a claim, "cannot proceed *IFP*." ).  A court "'may
26   take notice of proceedings in other courts, both within and without the federal judicial system, if those
     proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir.
27   2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).  Thus, the Court takes
     judicial notice that Plaintiff Taek Sang Yoon, formerly identified as CDCR Inmate #P-67861, has had
28   three cases dismissed in this Court which qualify as "strikes" under 28 U.S.C. § 1915(g).  They are:
     *Sang v. Arnett, et al.*, S.D. Cal. Civil Case No. 05cv1101 H (CAB) (ECF Nos. 32, 53); *Yoon v. Gervin*,
     S.D. Cal. Civil Case No. 06cv2107 BEN (NLS) (ECF Nos. 19, 24, 31), and *Yoon v. Lopez, et al.*, S.D.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain this action. *See* S.D. CAL. CIVLR 3.2(d). Accordingly, the Court GRANTS Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## II.    Motion for Appointment of Counsel

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action (ECF No. 3). The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request in this case however, because it finds, for the reasons set out below, that neither the interests of justice nor exceptional circumstances warrant appointment of counsel in this matter. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.    Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203

Cal. Civil Case No. 06cv2460 W (LSP) (ECF Nos. 9, 17, 24).

1  F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a

2  district court to dismiss an in forma pauperis complaint that fails to state a claim.").

3      "[W]hen determining whether a complaint states a claim, a court must accept as true all

4  allegations of material fact and must construe those facts in the light most favorable to the

5  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

6  152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

7  Civil Procedure 12(b)(6).").

8      "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements:  (1) that

9  a right secured by the Constitution or laws of the United States was violated; and (2) that the

10  alleged violation was committed by a person acting under color of state law."  *Campbell v.*

11  *Washington Dep't of Soc. Servs.*, __ F.3d __ , 2011 WL 5304109 at *4 n.5 (9th Cir. Nov. 7,

12  2011) (No. 09-35892) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).

13      In his Complaint, Plaintiff admits his "main claims" are against eleven of the named

14  Defendants, all California Rehabilitation Center ("CRC") officials, who are alleged to have

15  conspired to retaliate against him since 2007.  (Compl. at 1, 11.)  Only one Defendant, a

16  Calipatria State Prison ("CSP") physician named Lopez, is alleged to reside in the Southern

17  District of California.  (*Id*. at 2, 26-27.)  Plaintiff claims that during his incarceration at CRC,

18  Defendants acted with "deliberate indifference" to a host of medical ailments, including high

19  cholesterol, "heart trouble," "gum disease," "eye damage," "palsy," and "h[ee]l pain."  (Compl.

20  at 5-6, 11, 14).  Plaintiff makes similar claims arising in 2011 at CSP against Lopez.  (*Id*. at 17-

21  18.)  Plaintiff further admits having filed several previous civil actions in the Central District of

22  California regarding "the CRC employees' acts," only to have his IFP requests denied pursuant

23  to 28 U.S.C. § 1915(g).  (*Id.* at 10.)

24      Thus, Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C.

25  § 1915(e)(2)(B)(1) because it is duplicative of at least one other civil action he has already filed

26  in another (and more appropriate) district.[2]  Indeed, Plaintiff's Complaint contains identical

27  _____

28  ² Because a vast majority of Plaintiff's claims arose while he was incarcerated at CRC and all, save one, of the named Defendants are alleged to reside in Norco, California, the Central District of California, Eastern Division, was, and remains, the most appropriate venue for this action.  *See* 28

allegations against the same defendants previously brought in *Yoon v. Lee, et al.*, C.D. Cal. Civil Case No. 2:11-cv–06792-UA-SH.  A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915(e)(2)(B)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).  Thus, because Plaintiff has already filed the same Complaint he has filed in this action in *Yoon v. Lee*, C.D. Cal. Civil Case No. 2:11-cv–06792-UA-SH, the Court hereby DISMISSES S.D. Cal. Civil Case No. 12cv00219 DMS (BLM) without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Calhoun*, 254 F.3d at 845.

Finally, the Court notes that Judge Collins' December 7, 2011 Order of Dismissal in *Yoon v. Lee,* C.D. Cal. Civil Case No. 2:11-cv-06792-UA-SH  advised Plaintiff that he may "attempt to file a Complaint" as to any claims of injury arising "in ICE detention in El Centro" in the Southern District of California (ECF No. 5).  The Complaint Plaintiff filed here, however, is identical to the one he presented in the Central District, names no El Centro Processing Center officials as defendants, and alleges no constitutional violations arising under color of state law at the El Centro Processing Center.  In fact, Plaintiff admits receiving medical attention while he has been in ICE custody and makes no allegations of deliberate indifference to any serious medical need.  *See Estelle v. Gamble*, 429 U.S. 97, 106  (1976).  Specifically, Plaintiff alleges he has been treated for a "gum infection" by an ICE dentist (Compl. at 14), placed on cholesterol-lowering medication and an aspirin regimen, authorized for a "medical" and "vegetable" diet card, (*id.* at 21), received a EKG for his "heart problem," a diagnosis related to his h[eel] pain, and medication for "stomach bacteria," all since having been transferred into ICE custody (*Id.* at 18, 19).

/ / /

_____

U.S.C. § 1391(b); 28 U.S.C. § 84(c)(1).

**IV.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is GRANTED and his Motion to Appoint Counsel (ECF No. 3) is DENIED.

2.    This civil action is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(1).

The Clerk shall close the file.


DATED:  March 23, 2012

HON. DANA M. SABRAW
United States District Judge